IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN BOWDY, on behalf of himself and on behalf of all others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:17-CV-00010 |
| PULTE HOMES OF TEXAS, L.P., | § § | **JURY DEMANDED** |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, KEVIN BOWDY, on behalf of himself and on behalf of all others similarly situated, and files this Original Complaint complaining of Defendant PULTE HOMES OF TEXAS, L.P., and for cause of action would show the Court the following:

**I.**

## INTRODUCTION

1. This action seeks damages, liquidated damages, attorneys' fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States.

1.2 Plaintiff, by counsel, brings this action for damages and other legal and equitable relief for Defendant's violations of the laws requiring payment of overtime compensation. Defendant's overtime pay policies violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

1.3 Plaintiff brings this action for violation of the FLSA as a collective action, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the following class of similarly situated

employees:

> All employees who were, are, or will be employed by Defendant Pulte Homes of Texas, L.P. as field managers during the period of three years prior to the date of commencement of this action through the date of judgment in this action.

## II.

## THE PARTIES

2.1     Plaintiff is an individual who can be contacted through counsel.

2.2     Defendant can be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## III.

## JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1      The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. The Plaintiff was employed with Defendant. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

3.2     This action lies in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) as the events giving rise to Plaintiffs' claims occurred substantially in that district.

3.3     All conditions precedent have been performed or have occurred.

## IV.

## FACTS

4.1     Starting in October, 2011 and continuing until he was wrongfully terminated on October 27, 2015, Plaintiff Kevin Bowdy was classified as a non-exempt employee who was supposed to be paid

time and a half for hours worked in excess of 40 hours per week. Plaintiff was employed as a field manager working for Defendant.

4.2     Plaintiff routinely worked more than 40 hours a week.

4.3     Throughout October, 2011 until he was terminated in October, 2015, Plaintiff worked consistently 60-80 hours a week. Plaintiff was required to work off the clock both after work and on weekends in order to get the job done. Plaintiff would have to take calls during those time periods and work or he would lose his job. Plaintiff was typically paid overtime for the first five hours in excess of 40 hours a week but was not paid overtime for all hours worked and was restricted to working no more than 50 hours a week on the clock. Plaintiff often worked 3-4 hours off the clock a day talking on the telephone to get the job done. Plaintiff, along with those similarly situated, were constantly called and working when they were off the clock.

4.4     Because Plaintiff and those similarly situated were constantly working off the clock, Defendant did not accurately track how many hours Plaintiff actually worked in a given time period.

4.5     During the October, 2011 through October, 2015 time period, Plaintiff had the same job duties the entire time he worked for Defendant.

4.6     At all times relevant, Defendant has been, and continues to be, an "employer" as defined by the FLSA. Defendant employed Plaintiff and other field managers.

4.7     Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. §216(b). Plaintiff Kevin Bowdy, and additional similarly situated individuals who are interested in joining this case as opt-in plaintiffs, bring this cause for violations of the FLSA for unpaid overtime wages. As this case proceeds, it is likely that once they are given notice of this lawsuit other individuals will sign consent forms and join as plaintiffs.

4.8     There are numerous similarly situated current and former employees who were not properly paid their hours worked in excess of forty hours per week who would benefit from the issuance of a Court Supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit. Members of the proposed class and Plaintiff therefore should be permitted to pursue their claims collectively pursuant to 29 U.S.C. §216(b). Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiff and members of the proposed class.

## V.

## CAUSES OF ACTION

5.1     The allegations contained in Paragraphs 1.1 through 1.3 and 4.1 through 4.8 are hereby incorporated by reference for all counts and causes of action.

### FLSA Violations

5.2     At all times relevant, Defendant has been, and continues to be, an "employer" as defined by the FLSA. Defendant employed Plaintiff and other employees to perform field manager services on behalf of Defendant.

5.3     The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week. Defendant has violated this policy.

5.4     Plaintiff Kevin Bowdy, and all additional similarly situated individuals, are entitled to be paid the overtime compensation for all hours worked in excess of forty hours per work week. Plaintiff and members of the proposed class are not employed in a bona fide executive, administrative, or a professional capacity pursuant to 29 U.S.C. §213(a)(1) and corresponding

regulations. Plaintiff and members of the proposed class are not subject to any other exemptions set forth in the FLSA or administrative regulations.

5.5     Defendant, pursuant to their policies and practices, failed and refused to pay overtime wages to Plaintiff and other employees for all their hours worked. By failing to pay overtime compensation, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §201, et seq.

5.6     The conduct of Defendant, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). As such, a three year statute of limitations applies to such violations.

5.7     Plaintiff seeks to send notice of this lawsuit to all potential collective class members who worked for Defendant within the last three years as further described above.

5.8     The systems and practices of Defendant, and the duties of Plaintiff and those similarly situated have existed for at least three years throughout Defendant's business.

5.9.    There are numerous other similarly situated employees and former employees of the Defendant who have been denied overtime compensation in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable and able to be located through Defendants' records.

5.10    Defendant has not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiff and other similarly situated present and former employees.

## VI.

## **DAMAGES**

6.1     As a result of Defendant's unlawful conduct, Plaintiff and others similarly situated have suffered damages in the amounts of their unpaid overtime compensation, lost wages, liquidated

damages as provided by the FLSA 29 U.S.C. §216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

6.2     Plaintiff, on behalf of himself and others similarly situated, seeks recovery of attorneys' fees and costs as provided by the FLSA 29 U.S.C. §216(b).

6.3     Plaintiffs seek all reasonable attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal work, making or responding to an application for writ of error, an appeal to the Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## VII.

## EQUITABLE TOLLING AND EQUITABLE ESTOPPEL

7.1     Defendant has misrepresented to their employees that it was properly paying overtime compensation. In addition, Defendant failed to post the wage and hour poster required by 29 C.F.R. § 516.4.

7.2     As such, the statute of limitations should be equitably tolled for the opt-in plaintiffs from the date this lawsuit was filed to the present and/or Defendants should be equitably estopped from asserting a statute of limitations defense regarding Plaintiff and the potential opt-in plaintiffs. The equitable tolling doctrine and equitable estoppel doctrine should apply to and be tolled for any plaintiff who opts-in to this lawsuit from the day they were hired to the present.

## VIII.

## JURY DEMAND

8.1     Plaintiffs hereby demand a trial by jury of all the issues and facts in this case and tenders the requisite fee.

# **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Plaintiff be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this lawsuit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as described above. Such notices shall inform them that this civil action has been filed, of the nature of the action, and of their right to join.

Plaintiffs request that Defendant be adjudged, decreed, and declared to be in violation of the rights of Plaintiffs under the FLSA. Plaintiffs further seek injunctive and declaratory relief.

Plaintiffs request that Defendant be cited to appear and answer herein, and, upon final trial, have Judgment against Defendant as requested above, and as follows:

1. Judgment against Defendant for all damages alleged in this petition;
2. Interest before and after judgment at the highest rate provided by law, until paid;
3. Reasonable and necessary attorneys' fees and costs of suit;
4. Injunctive and Declaratory relief; and
5. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
2705 Bee Cave Road, Suite 220
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile


/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155

ATTORNEYS FOR PLAINTIFFS